UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| DANNY ROGERS, NO. 147104 ) | |
| ) | |
| v. ) | NO. 2:09-CV-137 |
| ) | |
| TENNESSEE DEP'T OF CORRECTION, ) | |
| HOWARD CARLTON, C/O PRESTON ) | |
| WILLIAM, JERRY HAYES, and the ) | |
| N.E.C.X. DENTAL DEP'T ) | |

## **MEMORANDUM and ORDER**

Danny Rogers, a prisoner in the Northeast Correctional Complex (NECX), brings this *pro se* civil rights complaint for declaratory and monetary relief pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated. Defendants are the Tennessee Department of Correction (TDOC), Howard Carlton, Correctional Officer Preston William, Jerry Hays, and the facility's Dental Department, all of whom are sued in their individual and official capacities.

Because plaintiff is an inmate, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). Since plaintiff lacks the financial resources to pay the full fee at once, it must be paid on an installment basis. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by*

*Jones v. Bock*, 549 U.S. 199 (2007).

Therefore, the custodian of inmate trust accounts at the institution where plaintiff now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Afterwards, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to his account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at NECX and to Gayle Ray, TDOC Commissioner, to ensure compliance with the above fee-assessment procedures. All payments should be sent to: Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore*, 114 F.3d at 607. If the complaint does not state a claim, is frivolous or malicious, or seeks damages from an immune defendant, this suit must be dismissed.

In the first of four claims, plaintiff asserts that, on July 6, 2008, defendant officer Preston William opened the "pie-hole" in plaintiff's cell door, sprayed a chemical agent through the pie-hole, locked the pie-hole, uttered racial statements, threw his prison employee equipment on a desk, left his post, and never returned to the prison. Some ten minutes later, the officer-in-charge entered the unit and summoned a nurse when plaintiff reported that he was experiencing breathing problems from the chemical spray in his cell. Despite the noxious smell, plaintiff was not removed from his cell when the nurse arrived, but remained in the cell for seventeen hours. Plaintiff asserts that, by spraying his cell with a chemical agent, defendant William exhibited deliberate indifference to a substantial risk of serious injury to plaintiff, in violation of his Eighth Amendment right.

In the second claim, plaintiff asserts that he was denied use of an elastic leg brace for a bad knee because it was not issued to him by the NECX medical department. Plaintiff was advised that the brace would be mailed to his family and that he should sign up for sick call to have a brace re-issued. After signing up several times for sick call, a nurse reviewed plaintiff's medical records and determined that he had a real need for the brace. Even so, because plaintiff was demanding that his leg brace be replaced immediately, the medical department vindictively refused to replace it. The medical department became more recalcitrant about replacing the leg brace after

plaintiff complained about the matter in grievances and in letters and requests to defendant Warden Howard Carlton.

The third claim is also a medical claim, though this one involves dental care. Plaintiff asserts that he is being refused a crown for a chipped tooth even though his mother has agreed to pay for the dental work. The medical department, which plaintiff believes was still upset over his complaints about the leg brace, gave him excuses as to why a crown would not be forthcoming, including telling him that permitting him to obtain a crown would be unfair to others who were also in need of treatment. However, plaintiff points out that prisoners *are* permitted to pay for dental work because, the previous month, another inmate paid for a tooth extraction and a partial dental plate. The denial of a crown, according to plaintiff, amounts to deliberate indifference to his serious medical needs.

Plaintiff's fourth and final claim is that he is being denied a liberty interest created by a state policy, which guarantees him the right to marry his fiancee while incarcerated. Plaintiff maintains that, while he submitted the proper paperwork, the Warden refused to allow him to get married because plaintiff was on maximum security. Yet, according to plaintiff, Policy number 503.07 affords a prisoner the right to marry regardless of his custody level. Denying plaintiff the right to marry his long-term sweetheart, he maintains, is a constitutional due process violation.

The statute upon which plaintiff's lawsuit is based, i.e., 42 U.S.C. § 1983, provides for redress of the deprivation of a right guaranteed by the Constitution or laws of the United States caused by a "person" acting under color of state law.  TDOC, the first defendant named by plaintiff, is a non-suable entity because it is not a "person" under the statute.  *Hix v. Tennessee Dept. Of Corr.*, 196 Fed. Appx. 350, * 5 (6th Cir. Aug. 22, 2006) ("The TDOC is not a "person"within the meaning of § 1983, and is therefore not a proper defendant.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).  Furthermore, the NECX Dental Department is "nothing more than an arm of the TDOC" and "not an entity with a corporate or political existence." *Id. See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978) (defining a "person" as individuals and "bodies politic and corporate").  Therefore, plaintiff's claims against these defendants fail as a matter of law and they are **DISMISSED** for plaintiff's failure to state a valid claim against them.

Even if the Court broadly construes the pleading as containing claims against a defendant named "John Doe (dentist)," to which plaintiff refers in the complaint, (Doc. 3 at 7), in connection with his allegations regarding a crown for his tooth, this does plaintiff no good because the allegations which comprise that claim (i.e., his third claim) do not state a constitutional claim in the first place.

The Eighth Amendment proscribes punishments that involve the unnecessary

and wanton infliction of pain. Deliberate indifference to an inmate's serious medical needs constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An inmate's dental problems, under some circumstances, can amount to a serious medical need. *Harrison v. Barkley*, 219 F.3d 132, 137 (2nd Cir. 2000). Nevertheless, a prisoner whose claims are based on a theory of medical negligence has not stated a recognizable claim under § 1983 because medical negligence is not a constitutional violation. *Estelle,* 429 U.S. at 106.

In this case, by plaintiff's own allegations and the prison authorities' response to plaintiff's information request, plaintiff was seen by a dental assistant, who noted that he had a small chip on an incisor and who also advised him that a dentist would examine the tooth but that the area was so small that filling material would not stay in it due to biting pressure and the size of the chip. Further, in the response from defendant Jerry Hayes of NECX's Health Service, it was pointed out that plaintiff had not been to the dental clinic for an examination since October 20, 2006, that if he kept his tooth clean, it would not decay, and that, if he were still concerned, he could sign up for sick call to request a dental examination. It was also explained, in that response, that plaintiff's request for a crown was denied because there was no indication that he needed one for his chipped tooth.

Thus, at best, plaintiff's contentions that he was denied a crown for a chipped tooth would comprise a claim for medical negligence. *See, e.g., Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (disagreement between a prison physician and the physician who originally prescribed an inmate's medications is not of constitutional magnitude). Because the alleged conduct cannot be said to constitute an unnecessary and wanton infliction of pain, the Court concludes that plaintiff's allegations regarding such conduct do not state a valid claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 105-06; *see also Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (where some medical treatment is given to a prisoner and the dispute involves the adequacy of that treatment, no valid § 1983 claim is stated). Accordingly, claim three is **DISMISSED** for failure to state a claim.

As to the remaining claims, the first one—that defendant Williams sprayed a chemical agent in plaintiff's cell, (impliedly) without any need to do so—arguably states a claim under the Eighth Amendment for the use of excessive force. *See, e.g., Hudson v. McMillian*, 503 U.S. 1 (1992). The second claim, likewise, arguably states a claim for denial of medical care. *Estelle*, 429 U.S. at 194. The fourth claim, that plaintiff was denied his right to marry, also states a colorable constitutional claim. *Loving v. Virginia*, 388 U.S. 1, 12 (1967); *Toms v. Taft*, 338 F.3d 519, 524-25 (6th Cir. 2003) (citing, *inter alia*, *Loving* and *Turner v. Safley*, 482 U.S. 78, 95 (1987)).

Therefore, the Clerk is **DIRECTED** to send plaintiff service packets for the three remaining defendants. (Each service packet contains a blank summons and U.S.M. 285 form.) Plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within twenty (20) days of the date of entry of this Order. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received by the Clerk, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendants. Fed. R. Civ. P. 4. Defendants are **ORDERED** to respond to the complaint within twenty (20) days of receipt of service. Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
