UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| DANNY ROGERS, NO. 147104 ) | |
| ) | |
| v. ) | NO. 2:09-CV-137 |
| ) | |
| TENNESSEE DEP'T OF CORRECTION, ) | |
| HOWARD CARLTON, C/O PRESTON ) | |
| WILLIAM, JERRY HAYES, and the ) | |
| N.E.C.X. DENTAL DEP'T ) | |

## MEMORANDUM and ORDER

Acting *pro se*, state inmate Danny Rogers filed this civil rights complaint for declaratory and monetary relief pursuant to 42 U.S.C. § 1983, alleging claims for excessive force, denial of medical care, and deprivation of his fundamental right to marry—all of which purportedly occurred at the Northeast Correctional Complex (NECX), where he is housed. Now before the Court is plaintiff's motion to voluntarily dismiss his case and to waive the filing fee, (Doc. 14).

The Prison Litigation Reform Act, codified in part in 28 U.S.C. § 1915, makes prisoners responsible for the filing fee the instant a civil action is filed, notwithstanding a subsequent dismissal of the case. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) ("All prisoners while incarcerated must now pay the required filing fees and costs."). Moreover, plaintiff received that for which the fee was paid—his lawsuit was filed. Therefore, the part of the motion requesting waiver of the filing fee is **DENIED**.

As to the remaining part of plaintiff's motion involving the voluntary dismissal of his

lawsuit, he alleges that, while his application for leave to proceed *in forma pauperis* was pending, defendant Howard Carlton retired as the NECX Warden and defendant Jerry Hayes took an extended leave of absence, which complicated service of process. More specifically, plaintiff asserts that, while an NECX employee signed the certified mail receipt for process, she was not authorized by the Tennessee Department of Correction ("TDOC") to sign for employees who are retired or who are on extended leaves of absence.

Plaintiff believes that TDOC will not give a state prisoner, as is he, the home addresses for a retired warden or a health administrator, implying that he will be unable to effect proper service on these two defendants. While it may be true that TDOC would not provide those addresses to a state prisoner, that does not mean that there are not alternative ways to accomplish service on these defendants.[1]

It remains, however, that plaintiff requests that his complaint be dismissed. The motion for voluntary dismissal is **GRANTED**, and accordingly, this action is **DISMISSED** without prejudice. Fed. R. Civ. P. 41(a). The Clerk is **DIRECTED** to close the case file.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[1] Notably, it does not appear that plaintiff explored other options, short of a voluntary dismissal, to surmount the service of process obstacle, such as filing a motion seeking the Court's assistance in this matter.

2